JUDGE ELLIOTT
delivered the opinion oe the court.
This is an action for the recovery of the price charged for the putting by the season of three mares by appellees to appellant’s stud-horse, Sentinel.
*43 There was no special contract between the parties. The terms upon which Sentinel was to. make his season were published by his owner, and were as follows :
“ Sentinel will make the coming season at Ashgrove Stud-farm, four and one half miles from Lexington, Ky., on the old Frankfort pike, at $75 the season, with the privilege of breeding back next season should the mare not prove with foal; the money due at the time of service, or before the mare is removed.” The balance of Sentinel’s1 card ivas devoted to his pedigree, form, size, and trotting qualities, and need not be copied.
The appellees put three mares to appellant’s horse, Sentinel, two of which proved in foal, but the third one, an Almont Filly, failing to bring a colt, and the horse having died about the close of the season, they insist that they are not bound to pay for the season of the Almont Filly.
We are of a different opinion. The appellees, by accepting the printed terms upon which Sentinel made his season, agreed and promised to pay to appellant $75 for each mare they sent to be served by Sentinel by the season, and they agreed to pay this sum at the time of service, or at least before the mare was removed from appellant’s premises, and the proof is that they put the Almont Filly by the season, and at the close of the season removed her without paying the $75 or any part of it.
It is true the appellant gave the appellees the privilege of “ breeding back next season should their mare not prove with foal,” but he did not agree that he was not to be paid till the mare proved in foal.
Suppose appellees had complied with their contract and paid appellant $75 for the season of the Almont Filly to Sentinel at the time they took her home at the close of the season, and afterward Sentinel had died, could the appellees have recovered the season price so paid? or suppose, after the pay *44 ment of the season price, she had proved not to be in foal, but died before another season, could appellees have recovered the money back? We think not. The agreement to permit customers to breed back till their mares were in foal, of course only meant that they could do so if the horse and mares lived to another season. Appellant did not covenant that his horse would live to another season, nor did he make the amount due him for the service of his horse depend upon whether his horse did so live.
We are of opinion that Sentinel’s terms, as indicated in appellant’s printed card, did not amount to a warranty upon the part of his owner that if he failed to get a colt the first season that he would live till the next one, but that when a customer put a mare appellant could have enforced payment therefor at the close of the season, and the customer had the right to reput his mare the next season, provided she did not prove in foal the first one, and provided the horse and mare both lived till the next season.
Wherefore the judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.